**QI XING CHEN, Petitioner,**

v.

**Mark FILIP, Acting United States Attorney General,\* Respondent.**

**No. 08–0743–ag.**

United States Court of Appeals, Second Circuit.

Jan. 30, 2009.

Qi Xing Chen, New York, NY, Pro Se.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Elizabeth Young, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JON O. NEWMAN, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Qi Xing Chen, a native and citizen of the People's Republic of China, seeks review of a January 15, 2008 order of the BIA affirming the March 27, 2006 decision of Immigration Judge ("IJ") Thomas J. Mulligan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qi Xing Chen,* No. A98 998 039 (B.I.A. Jan. 15, 2008), *aff'g* No. A98 998 039 (Immig. Ct. N.Y. City, Mar. 27, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When, as here, the BIA adopts and supplements the decision of the IJ, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *Pas-*

*si v. Mukasey,* 535 F.3d 98, 101 (2d Cir. 2008).

We conclude that the agency's adverse credibility determination was supported by substantial evidence. The IJ properly found that while Chen testified that his wife submitted twice to an IUD insertion, the letter purportedly written by his wife omits any mention of a second IUD insertion. *See Surinder Singh v. B.I.A.,* 438 F.3d 145, 148 (2d Cir.2006). The IJ also properly noted that Chen failed to provide any independent evidence to corroborate his wife's alleged second IUD insertion, thus rendering him unable to rehabilitate his questionable testimony regarding the incident. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

Additionally, we will not disturb the IJ's finding that the identification number on Chen's marriage certificate is inconsistent with the number on his resident identification card. *See Shu Wen Sun v. B.I.A.,* 510 F.3d 377, 379–80 (2d Cir.2007).

We find it unnecessary to review the IJ's findings based on Chen's purported statements to immigration officials when he first came to the United States because we can confidently predict that the IJ would reach the same conclusion as to his credibility absent these findings. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–39 (2d Cir.2006). As the BIA noted, because this case is governed by the REAL ID Act, the IJ's adverse credibility determination was properly based on the totality of the circumstances, "without regard to whether [the inconsistencies and omissions identified by the IJ go] to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 164 (2d Cir.2008). Because Chen has not identified any error in the IJ's findings that would compel a reasonable factfinder to conclude otherwise, we cannot conclude that the agency

erred in finding that Chen was not credible. *See* 8 U.S.C. § 1252(b)(4)(B). Because the only basis for a finding in Chen's favor as to the asserted threat to his life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief, where all three claims were based on the same set of facts. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.